IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSE ESTEFAN RAMIREZ-FLORES, | ) ) ) | 4:08CV3229 |
| Petitioner, | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| ROBERT HOUSTON, | ) ) ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Jose Ramirez-Flores' ("Ramirez-Flores") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondent filed an Answer (filing no. 8), State Court Records (filing no. 9), and Brief on the merits of the Petition (filing no. 12). Ramirez-Flores filed a Brief on the merits of the Petition. (Filing No. 15.) This matter is therefore fully submitted.

### *I. BACKGROUND*

The pertinent factual background is set forth in *State v. Ramirez-Flores*, No. A-06-1250, 2008 WL 2231118 (Neb. Ct. App. May 20, 2008),[1] and the court summarizes the facts relevant to this matter here. On June 27, 2002, the State of Nebraska ("State") charged Ramirez-Flores with first degree sexual assault and first degree assault.[2] *Id. at \*1*. On July 15, 2003, a jury found Ramirez-Flores guilty of first degree sexual assault and third degree assault. *Id.* He was sentenced to 25 to 30 years' imprisonment

---

[1] Respondent filed a copy of this unpublished opinion with the State Court Records in this matter. (Filing No. 9-2, Attach. 1.)

[2] Ramirez-Flores was also charged with obstructing a peace officer. The charge was later dismissed by the State and is not at issue in this case. (Filing No. 9-13, Attach. 12, at CM/ECF pp. 64-65.)

on the former conviction and one year's imprisonment on the latter, with credit for 523 days served.³ (Filing No. 9-16, Attach. 15, at CM/ECF p. 5.)

Through counsel, Ramirez-Flores filed an unverified motion for post-conviction relief. *Ramirez-Flores*, 2008 WL 2231118 at *1. Ramirez-Flores then filed an amended motion that was verified, but refused to sign it. *Id.* The court elected to proceed on a verified motion for postconviction relief previously filed on October 12, 2004, in his criminal case (the "Post Conviction Motion"). *Id.* The Post Conviction Motion alleged the following violations of Ramirez-Flores' right to effective assistance of counsel:

> (1) counsel failed to adequately communicate to him a plea offer, thus denying him the benefit of that offer; (2) counsel was ineffective in failing to object to a jury instruction on voluntary intoxication; and (3) counsel elicited highly prejudicial testimony from the victim which provided direct evidence of the charged crime of first degree sexual assault.

*Id.*

An evidentiary hearing was held on the Post Conviction Motion on June 6, 2006, and both Ramirez-Flores and his trial counsel testified. (Filing No. 9-8, Attach. 7, at CM/ECF pp. 19-46.) On September 15, 2006, the district court overruled Ramirez-Flores' Post Conviction Motion. *Id.* In a detailed memorandum opinion, the Nebraska Court of Appeals affirmed the district court's denial of post-conviction relief, and the Nebraska Supreme Court denied Ramirez-Flores' petition for further review on September 24, 2008. (Filing No. 9-2, Attach. 1; Filing No. 9-3, Attach. 2, at CM/ECF p. 2.)

---

³The Nebraska Court of Appeals reported Ramirez-Flores was sentenced to 25-35 years' imprisonment for the first degree sexual assault charge (*see Ramirez-Flores*, 2008 WL 2231118 at *1); however, according to the State Court Records, Ramirez-Flores' received only 25 to 30 years' imprisonment for the conviction. (Filing No. 9-16, Attach. 15, at CM/ECF p. 5.)

On November 17, 2008, Ramirez-Flores filed his Petition in this court. (Filing No. 1.) Condensed and summarized, Ramirez-Flores claims his conviction was obtained in violation of his Sixth Amendment right to counsel. In particular, Ramirez-Flores claims that his trial counsel was ineffective because he cross-examined the "victim-witness until she testified that she had been sexually penetrated," and presented a defense "totally incongruent" with Petitioner's chosen defense. (Filing No. 7 at CM/ECF p. 1.)

Where necessary, further facts are provided below. With that in mind, the court turns to the merits of Ramirez-Flores' claims.

## II. ANALYSIS

### A. Standard of Review

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law. See 28 U.S.C. § 2254(d). With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary

3

to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006). This high degree of deference only applies where a claim has been adjudicated on the merits by the state court. See *Brown v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

### B. *Ramirez-Flores' Claim*

Ramirez-Flores argues only one claim, that his trial counsel was ineffective. (Filing No. 7 at CM/ECF p. 1.) A claim of ineffective assistance of counsel is reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

### 1. The Strickland Standard

*Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687; *see also Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable

4

probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

Additionally, the Supreme Court has very recently emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1418-20 (2009) (reversing the Ninth Circuit Court of Appeals and holding that the decision of the California Court of Appeals, that the defendant was not deprived of effective assistance of counsel when his attorney recommended withdrawing his insanity defense during second phase of trial, was not contrary to or an unreasonable application of clearly established federal law; also concluding, among other things, that there was no reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different).

In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and that "leeway" presents a "substantially higher threshold" for a federal habeas petitioner to overcome. Thus:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable-a substantially higher threshold." *Schriro*, supra, at 473, 127 S. Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the

5

more leeway courts have in reaching outcomes in case-by-case determinations").

*Id.* at 1420.

### 2. Ramirez-Flores' Claim

Ramirez-Flores claims that his trial counsel, Arthur C. Toogood ("Toogood"), was ineffective because Toogood cross-examined the "victim-witness until she testified that she had been sexually penetrated," and presented a defense "totally incongruent" with Ramirez-Flores' chosen defense. (Filing No. 7 at CM/ECF p. 1.) Ramirez-Flores' arguments were addressed by the Adams County, Nebraska District Court in its order regarding Ramirez-Flores' Post Conviction Motion, and by the Nebraska Court of Appeals in its memorandum opinion affirming the district court's denial of post-conviction relief. (Filing No. 9-7, Attach. 6, at CM/ECF pp. 13-20; *Ramirez-Flores*, 2008 WL 2231118 at *1-8.)

The Adams County District Court held an evidentiary hearing on the Post Conviction Motion. At that hearing, the Adams County District Court heard the testimony of Ramirez-Flores and Toogood, and found that:

> [The] claims of ineffective assistance of counsel are strategic or tactical judgments that counsel made during the trial. . . . A trial court has an obligation to give an instruction it feels is warranted by the evidence even if not requested by counsel. Ramirez-Flores had testified to consuming 14 beers the night of the sexual assault. Toogood made the decision not to object to the [intoxication jury] instruction because he felt the record in the case supported the giving of the instruction. As also related above, Toogood felt that he needed to cross-examine the victim in this case because of what he felt was damaging testimony that already existed in the record. There was substantial evidence adduced by the state at that point that a sexual assault had been committed by Ramirez-Flores. Both of these decisions clearly involve trial strategy and the case law in this state is well-settled that it is not the job of this Court or appellate courts

to second-guess reasonable strategic decisions made by counsel during trial.

(Filing No. 9-7, Attach. 6, at CM/ECF p. 18.) The Adams County District Court weighed all of the evidence and determined that, "[e]ven if the Court second-guessed trial counsel's decision to cross-examine the victim as he did, the Court would conclude that no prejudice resulted to the defendant because there was substantial other evidence in the record supporting [Ramirez-Flores'] conviction for First Degree Sexual Assault." (*Id.* at CM/ECF p. 19.)

The claims relating to Toogood's effectiveness were also rejected by the Nebraska Court of Appeals in its memorandum opinion affirming the district court's denial of post-conviction relief. In addressing Ramirez-Flores' argument that Toogood cross-examined the victim until she testified that she had been sexually penetrated, the court found that:

> Since previously admitted evidence had provided a basis for the jury to conclude that penetration had occurred, Ramirez-Flores cannot establish that, had trial counsel not engaged in the alleged prejudicial cross-examination of the victim, there was a reasonable probability the result of the proceeding would have been different.

*Ramirez-Flores*, 2008 WL 2231118 at *5. With regard to Ramirez-Flores' claim that Toogood presented a defense totally incongruent with Ramirez-Flores' chosen defense, the court found Toogood "formulated a trial strategy which he felt was most advantageous" based on the information provided to him by Ramirez-Flores. *Id.* at *8. Additionally, the court stated it affords "counsel due deference to formulate trial strategy and tactics" and "will not second-guess reasonable strategic decisions by counsel." *Id.*

Respondent argues that the foregoing findings of fact and conclusions of law are entitled to deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts. (Filing No. 12 at CM/ECF p. 17.)

7

Indeed, as set forth above, the court must grant substantial deference to the Nebraska state court decisions. The court has carefully reviewed the record in this matter and finds that the Nebraska state court decisions on Ramirez-Flores' ineffective assistance of counsel claim is not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(2). Ramirez-Flores has not submitted any evidence, let alone clear and convincing evidence, that the Adams County District Court or the Nebraska Court of Appeals was incorrect in any of its factual determinations. 28 U.S.C. § 2254(e)(1). The grant of a writ of habeas corpus is not warranted here because the Nebraska state courts correctly applied *Strickland* and other Supreme Court holdings. In light of these findings, Ramirez-Flores' claim is dismissed.

IT IS THEREFORE ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (filing no. 1) is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

July 24, 2009.                          BY THE COURT:


                                        s/ Joseph F. Bataillon
                                        Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.